IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIPER AIRCRAFT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ARCHER AVIATION, INC.,<br><br>    Defendant. | Civil Action No.: 20-1147-RGA |

## SCHEDULING ORDER

This 17<u>th</u> day of November, 2020, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u> The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on <u>December 14, 2020</u>.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 15, 2021.

3. <u>Discovery.</u>

  a. <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before <u>July 16, 2021</u>.

  b. <u>Document Production.</u> Document production shall be substantially complete by <u>May 28, 2021</u>.

   c. <u>Requests for Admission.</u> A maximum of <u>50</u> requests for admission under Rule 36(a)(1)(A) are permitted for each side. Each party may submit additional requests for admission under Rule 36(a)(1)(B) as necessary to seek authentication of documents and evidence likely to be presented at trial or cited in dispositive motions.

   d. <u>Interrogatories.</u> A maximum of <u>25</u> interrogatories, including contention interrogatories, are permitted for each side.

   e. <u>Depositions.</u>

    i. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of <u>80</u> hours of taking testimony by deposition upon oral examination. Each witness deposition shall be limited to seven (7) hours absent prior agreement between the Parties or Court Order.

    ii. <u>Location of Depositions.</u> Pursuant to the joint request of both parties and in light of the ongoing COVID-19 pandemic, any party or representative (officer, director, or managing agent) of a party shall be required, upon request, to submit to a deposition via the use of teleconferencing software. Exceptions to this general rule may be made by order of the Court or by agreement of the parties.

   f. <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues

in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within <u>twenty days</u> from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

     5.    <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

     6.    <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

     7.    <u>Service</u>. Pursuant to the joint request of both parties and in light of the ongoing COVID-19 pandemic, service of process upon parties to this litigation may be accomplished by e-mail.

     8.    <u>Disclosure of Expert Testimony.</u>

     a.    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>August 13, 2021</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>September 10, 2021</u>. Reply expert reports from the party with the initial burden of proof are due on or before <u>October 1, 2021</u>. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before October 29, 2021.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. Case Dispositive Motions. All case dispositive motions shall be served and filed on or before November 19, 2021. All oppositions to any filed case dispositive motion will be filed on or before December 17, 2021. Any replies to such oppositions shall be filed on or before January 21, 2022. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

12. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. Pretrial Conference. On May 20, 2022, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by

the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine*.</u> Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on __June 6_____, 2022, with the subsequent trial days beginning at 9:30 a.m. Until the case

is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

      17.    ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.

      /s/ Richard G. Andrews
      _____
      UNITED STATES DISTRICT JUDGE